**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank Macias MADRIAGA,**
**Defendant–Appellant.**

No. 00–50413.

D.C. No. CR–99–00204–JSR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 2002.

Decided Feb. 25, 2002.

Before SCHROEDER, Chief Judge,
McKEOWN, Circuit Judge and ZILLY *,
District Judge.

MEMORANDUM **

Frank Macias Madriaga appeals from his conviction, by jury trial, of one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of conspiracy to interfere with commerce by violence or threats in violation of the Hobbs Act, 18 U.S.C. § 1951(a).

Madriaga's first contention is that section 846 is facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Given our recent decision in *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002), which held that section 841 is facially constitutional, Madriaga's argument is foreclosed. *Buckland* also controls and re-

quires us to reject his further contention that *Apprendi* requires a new trial. *See Buckland*, 277 F.3d at 1183–87.

Madriaga next argues that the government failed to establish a sufficient effect on interstate commerce to support jurisdiction under the Hobbs Act. Madriaga's extortion scheme targeted a drug trafficker. For Hobbs Act purposes, drug traffickers are engaged in interstate commerce. *See United States v. Jones*, 30 F.3d 276, 285–86 (2nd Cir.1994) (citing *United States v. Hanigan*, 681 F.2d 1127 (9th Cir.1982)). We have held that extortion of persons engaged in interstate commerce has the requisite de minimis effect on commerce to support jurisdiction under the Hobbs Act. *See United States v. Pascucci*, 943 F.2d 1032, 1035 (9th Cir.1991).

Madriaga's remaining contentions are also without merit. The indictment sufficiently alleged intent to extort. There was no abuse of discretion in admitting both the expert and lay testimony regarding the Mexican Mafia because Madriaga's membership in that organization played a key role in his extortion activities. *See United States v. Santiago*, 46 F.3d 885, 889 (9th Cir.1995); *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir.), *cert. denied*, 530 U.S. 1268, 120 S.Ct. 2733, 147 L.Ed.2d 995 (2000). Similarly, the district court did not abuse its discretion in refusing to redact the indictment to eliminate references to the Mexican Mafia. *See United States v. Terrigno*, 838 F.2d 371, 373–74 (9th Cir. 1988).

AFFIRMED.

---

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.